# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO A. LOBATO | CASE NO. 11cv2601 WQH (JMA) |
| Plaintiff, | ORDER |
| vs. | |
| ACQURA LOAN SERVICES; CASTLE PEAK 2010-1 LOAN TRUST, by U.S. Bank Trust, National Association, not in its individual capacity but solely as owner trustee; T.D. SERVICES COMPANY; YOLANDA YVETTE LEGRAND; DOES 1 through 50 inclusive, | |
| Defendants. | |

HAYES: Judge:

The matter before the Court is the Motion to Dismiss (ECF No. 3) filed by Acqura Loan Services, Castle Peak 2010-1 Loan Trust, and Yolanda Yvette Legrand.

## I.   Procedural Background

On October 31, 2011, Plaintiff Armando A. Lobato initiated this action by filing a Complaint in the Superior Court of California for the County of San Diego. (ECF No. 1-2). November 8, 2011, Defendants Acqura Loan Services ("Acqura"), Castle Peak 2010-1 Loan Trust ("Castle"), and Yolanda Yvette Legrand ("Legrand") removed the matter to this Court. (ECF No. 1). On November 28, 2011, Defendants Acqura, Castle, and Legrand filed a Motion to Dismiss. (ECF No. 3). On December 12, 2011, Plaintiff filed an Opposition. (ECF No. 4).

On December 16, 2011, Defendants Acqura, Castle, and Legrand filed a Reply. (ECF No. 5).

## II.     Allegations of the Complaint

Plaintiff is the owner of property located at 10918 Ivy Hill Drive 33, San Diego, CA 92131. On November 7, 2006, Plaintiff executed an adjustable rate note on the property for $384,000. (ECF No. 1-2 at ¶ 11). On November 7, 2006, Plaintiff executed a deed of trust on the property which listed Mortgage Lenders Network USA Inc. as the lender and Mitchell L. Heffeman as trustee. *Id.* at ¶¶ 16-17. On March 16, 2011, T.D. Services Company executed a "Notice of Default and of Election to Sell Under Deed of Trust" on behalf of the beneficiary. *Id.* at ¶ 20. The notice of default stated that Plaintiff owed payments to Castle. *Id.* On September 20, 2011, a notice of trustee's sale was recorded against the property by T.D. Services Company. *Id.* at ¶ 23. On October 18, 2010, a substitution of trustee was recorded against the property adding T.D. Services Company as trustee. *Id.* at ¶ 24. Yolanda Legrand notarized the substitution of trustee. *Id.* The substitution of trustee was fraudulent. *Id.* The property was sold pursuant to trustees' sale. *Id.* at ¶ 26.

Plaintiff asserts the following claims: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1611 et seq.; (2) violation of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2605 et seq.; (3) violation of 15 U.S.C. § 1602 et seq., the Home Ownership and Equity Protection Act ("HOEPA"); (4) violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (5) breach of fiduciary duty; (6) breach of the covenant of good faith and fair dealing; (7) fraud; (8) violation of Cal. Civil Code § 2923.6; (9) violation of Cal. Civil Code § 2923.5 and Cal. Code Civ. P. § 2015.5; (10) quiet title; and (11) violation of Cal. Bus. & Prof. Code § 17200. Plaintiff seeks compensatory, punitive, and statutory damages, injunctive relief, attorney's fees, cancellation of the sale and restitution.

## III.     Discussion

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

**1. TILA - First Claim**
**HOEPA - Third Claim**

Plaintiff's first claim for violation of TILA alleges that Defendants "have refused and continue to refuse to validate or otherwise make a full accounting and the required disclosures as to the true finance charges and fees." (ECF No. 1-2 at ¶ 30). Plaintiff alleges that Defendants "have improperly retained funds belonging to Plaintiff in amounts to be determined." *Id.* Plaintiff alleges that Defendants have failed to "disclose the status of ownership of the loans." *Id.* Plaintiff seeks rescission or cancellation of the loan and

compensatory damages, attorney fees, and punitive damages. Plaintiff's third claim for violation of HOEPA alleges that the loan was "placed in violation of the HOEPA as it was placed and administered and otherwise utilized without regard to Plaintiff's income or cash flow and with the intention of inducing a default." *Id.* at ¶ 44.

### a. Statute of Limitations

Defendants Acqura, Castle, and Legrand seek to dismiss Plaintiff's first claim for violation of TILA on the grounds that the claim is barred by the statute of limitations and Plaintiff is not entitled to rescission without valid tender. Defendants Acqura, Castle, and Legrand seek to dismiss Plaintiff's third claim for violation of HOEPA on the grounds that the claim is barred by the statute of limitations.

Damages claims under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "HOEPA is simply a component of TILA, and thus, it is governed by the same statute of limitations." *Tanuvasa v. F.D.I.C.,* Case No. CV 09-02795 DDP (AGRx), 2009 WL 3108568 at * 3 (C.D. Cal. Sept. 23, 2009). "[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986). "[E]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (citation omitted). Generally, a litigant seeking equitable tolling of a limitations period bears the burden of establishing entitlement to equitable tolling. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Where a plaintiff alleges TILA violations during initial disclosures, equitable tolling is not appropriate if "nothing prevented [plaintiff] from comparing the loan contract, [the] initial disclosures, and TILA's statutory and regulatory requirements." *Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 70 (9th Cir. 1996) (citing *King*, 784 F.2d at 915).

The Complaint alleges that Plaintiff obtained the subject loan on November 7, 2006. Plaintiff did not file this lawsuit until October 31, 2011, approximately five years after the transaction was consummated. Accordingly, Plaintiff's TILA claim for damages is barred by

the one-year statute of limitations.[1] Plaintiff's HOEPA claim is also barred by the one-year statute of limitations. The Court concludes that Plaintiff's claims under TILA and HOEPA are barred by the statute of limitations.

### b. TILA Claim for Rescission

In order to prevail on a TILA rescission claim, the borrower is obligated to tender the property the borrower received from the creditor under the loan. *See* 15 U.S.C. § 1635(b); 12 C.F.R. §226.23(d); *see also Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003) (holding that "courts [are] free to exercise equitable discretion to modify rescission procedures."). "By far, the majority of Courts to address the issue recently have required that borrowers allege an ability to tender the principal balance of the subject loan in order to state a claim for rescission under TILA." *Garcia v. Wachovia Mortgage Corp.*, 676 F.Supp.2d 895, 901 (2009) (collecting cases). This rule is in recognition of the principle that "[e]quity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention." *Karlsen v. Am. Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971); *see also Garza v. Am. Home Mortgage*, No. CV 08-1477, 2009 WL 188604 at *5 (E.D. Cal. Jan. 27, 2009) ("The complaint fails to hint that [plaintiff] is able to fulfill her [tender] obligations under 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d). Rescission is an empty remedy without [plaintiff's] ability to pay back what she has received.").

In this case, Plaintiff alleges that the loan amount was $384,000. Plaintiff has failed to allege any facts which would demonstrate an ability to tender the principal balance of the loan. The Court concludes that the Complaint fails to allege sufficient facts to support a claim for rescission under TILA. Plaintiff's first claim for violations of TILA and Plaintiff's third claim for violation of HOEPA are dismissed as to Defendants Acqura, Castle, and Legrand.

### 2. RESPA - Second Claim

Plaintiff alleges that Defendants "placed loans for the purpose of unlawfully increasing

---

[1] Plaintiff has not alleged that the statute of limitation should be equitably tolled.

or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned." (ECF No. 1-2 at ¶ 37). Plaintiff alleges that Defendants Acqura and T.D. Services Company "violated the requirements of [12] U.S.C. § 2605(b) [regarding notice by transferor of loan servicing at time of transfer] in that the servicing contract or duties there under were transferred or hypothecated without the required notice." *Id*. at ¶ 38. Plaintiff seeks rescission or cancellation of the loan and compensatory damages and attorney fees.

### a. Statute of Limitations

Defendants Acqura, Castle, and Legrand contend that the RESPA claim fails on the grounds that the claim is barred by the statute of limitations, Plaintiff is not entitled to damages, and Defendants received compensation for services rendered.

The statute of limitations for a claim under 12 U.S.C. § 2607-08, which prohibits the giving and accepting of kickbacks or conditions of sale upon use of a particular title company in real estate settlement services, is one year from the occurrence of the violation. 12 U.S.C. § 2614. The statute of limitations for a claim under 12 U.S.C. § 2605 regarding notice by transferor of loan servicing at time of transfer is one year from the occurrence of the violation. 12 U.S.C. § 2614. Typically, in cases involving loan documents, the statute of limitations begins to run when the documents are signed, unless evidence is presented to override that assumption. *Meyer v. Ameriquest Mtg. Co.,* 342 F.3d 899, 902 (9th Cir. 2003).

The Complaint alleges that Plaintiff obtained the loan on November 7, 2006. Plaintiff did not file this lawsuit until October 31, 2011, approximately five years after the transaction was consummated. Accordingly, Plaintiff's RESPA claim is barred by the statute of limitations.

### b. RESPA Claim for Damages

"Numerous courts have read Section 2605 as requiring a showing of pecuniary damages to state a claim." *Molina v. Washington Mutual Bank*, No. 09-CV-00894-IEG (AJB), 2010 WL 431439 at *7 (S.D. Cal. Jan. 29, 2010) (collecting cases). "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a

failure to respond or give notice has caused them actual harm." *Shepherd v. Am. Home Mortg. Services, Inc.*, Case No. Civ. 2:09-1916 WBS GGH, 2009 WL 4505925 at * 3 (E.D. Cal. Nov. 20, 2009) (citation omitted). A plaintiff is entitled to recover for the loss that relates to the RESPA violation, not for all losses related to foreclosure activity. *See Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("[T]he loss alleged must be related to the RESPA violation itself."); *Torres v. Wells Fargo Home Mortg., Inc.*, No. C 10-04761 CW, 2011 WL 11506 at *8 (N.D. Cal. Jan. 4, 2011) ("The plaintiff must also allege a causal relationship between the alleged damages and the RESPA violation.") (citing *Lawther v. Onewest Bank*, Case No. C 10-0054 RS, 2010 WL 4936797 at *7 (N.D. Cal. Nov. 30, 2010)).

Plaintiff has failed to allege any facts to support the conclusion that the failure of the Defendants to comply with RESPA caused damages to Plaintiff. Plaintiff's second claim for violation of RESPA is dismissed as to Defendants Acqura, Castle, and Legrand.

### 3.     FDCPA - Claim Four

Plaintiff alleges that Defendants are "debt collectors." (ECF No. 1-2 at ¶ 48). Plaintiff alleges that "he duly and properly on more than one occasion requested validation of the 'debt' ...." *Id*. at ¶ 49. Plaintiff alleges that Defendants "did not respond to his demands in such a way as to meet the requirements of the act." *Id*. at ¶ 50.

Defendants Acqura, Castle, and Legrand contend that Plaintiff's fourth claim for violation of the Fair Debt Collection Practices Act ("FDCPA") fails as a matter of law on the grounds that Defendants are not debt collectors. Defendants contend that the FDCPA does not apply to a creditor or mortgage servicing company and that foreclosure activities are not debt collection activities.

The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts. *See* 15 U.S.C. § 1692. A defendant must be a "debt collector" to be liable pursuant to the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). "The legislative history of section 1692a(6) indicates conclusively that debt collector does not include ... a mortgage servicing company, or an assignee of a debt, as long as the debt

1  was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208
2  (5th Cir. 1985).

3  The FDCPA does not apply to foreclosure activities. *See Walker v. Equity 1 Lenders
4  Group*, Case No. 09cv325 WQH (AJB), 2009 WL 1364430 at *7 (S.D. Cal. May 14, 2009)
5  ("The activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of
6  a debt within the meaning of the FDCPA ....") (quotation omitted); *Hulse v. Ocwen Fed. Bank,
7  FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("Foreclosing on a trust deed is distinct from
8  the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable
9  acts occurring in the process of collecting funds from a debtor.... Payment of funds is not the
10 object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.").

11 To the extent the Complaint alleges violation of the FDCPA related to the ordinary
12 foreclosure process, the Act does not apply because the allegations are not related to collection
13 activities. To the extent Plaintiff alleges that Defendants acted outside of the scope of the
14 ordinary foreclosure process, the Complaint fails to adequately allege facts to support the
15 conclusion that Defendants constitute "debt collectors" within the meaning of the Act, and that
16 Defendants violated the Act. *See Iqbal*, 129 S. Ct. at 1950. The Court concludes that Plaintiff
17 has failed to allege sufficient facts to support a claim for violation of the FDCPA. Plaintiff's
18 fourth claim for violation of the Fair Debt Collection Practices Act is dismissed as to
19 Defendants Acqura, Castle, and Legrand.

20 **4.  Fiduciary Duty - Fifth Claim**

21 Plaintiff alleges that Defendant Acqura is the "loan servicer for the subject loan of this
22 action." (ECF No. 1-2 at ¶ 5). Plaintiff alleges that Defendant Castle is the "trustee on behalf
23 of U.S. Bank Trust National Association ... [which allegedly acquired a promissory note
24 evidencing a loan of [Plaintiff's] ... secured by the property." *Id*. at ¶ 8. Plaintiff alleges that
25 Defendant Legrand is a notary public. Plaintiff alleges that Defendants "created, accepted and
26 acted in a fiduciary relationship of great trust and acted for and were the processors of property
27 for the benefit of Plaintiff." *Id*. at ¶ 53. Plaintiff alleges that Defendants "further placed
28 themselves in a position of trust by virtue of the[ir] expertise ...." *Id*. at ¶ 54. Plaintiff alleges

1  that Defendants "breached [their] fiduciary duties owed to Plaintiff ...." *Id*. at ¶ 55. Plaintiff
2  alleges that Defendants "have placed and negotiated loans without due care to the best interests
3  of Plaintiff or for the protection of his rights." *Id*. at ¶ 56.

4  Defendants Acqura, Castle, and Legrand seek to dismiss Plaintiff's fifth claim for
5  breach of fiduciary duty because there is no fiduciary relationship between Defendants and
6  Plaintiff.

7  "A debtor is one who, by reason of an existing obligation, is or may become liable to
8  pay money to another, whether such liability is certain or contingent. A creditor is one in
9  whose favor an obligation exists, by reason of which he is, or may become, entitled to the
10 payment of money." *Downey v. Humphreys,* 102 Cal. App. 2d 323, 332 (1951). "'A debt is
11 not a trust and there is not a fiduciary relation between debtor and creditor as such.'" *Price v.*
12 *Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989) (quoting *Downey,* 102 Cal. App. 2d at
13 332); *see also Permpoon v. Wells Fargo Bank Nat. Ass'n*, No. 09-CV-01140-H (BLM), 2009
14 WL 3214321 at *4 (S.D. Cal. Sept. 29, 2009) ("Although California law imposes a fiduciary
15 duty on a mortgage broker for the benefit of the borrower, no such duty is imposed on a
16 lender.") (citing *UMET Trust v. Santa Monica Med. Inv. Co.*, 140 Cal. App. 3d 864, 872-73
17 (1983)).

18 Plaintiff does not identify a source of fiduciary duty for Defendants Acqura, Castle, and
19 Legrand in the Complaint.  The loan did not create a fiduciary relationship between Plaintiff
20 and Defendants Acqura, Castle, and Legrand.  The Court concludes that Plaintiff has failed to
21 allege sufficient facts to support a claim for breach of fiduciary duties.  Plaintiff's fifth claim
22 for breach of fiduciary duty is dismissed as to Defendants Acqura, Castle, and Legrand.

23 **5.  Covenant of Good Faith and Fair Dealing - Sixth Claim**

24 Plaintiff alleges that "there existed an implied covenant of good faith and fair dealing
25 requiring Defendants ... to safeguard, protect, or otherwise care for the assets and rights of
26 Plaintiff." (ECF No. 1-2 at ¶ 60).  Plaintiff alleges that "the commencement of foreclosure
27 proceedings upon the property lawfully belonging to Plaintiff without the production of
28 documents demonstrating the lawful rights for the foreclosure constitutes breach of the

1  covenant." *Id.* at ¶ 61.

2  Defendants Acqura, Castle, and Legrand seek to dismiss Plaintiff's sixth claim for breach of the covenant of good faith and fair dealing because there is no special relationship between Defendants and Plaintiff, and Plaintiff has failed to allege that Defendants breached a contractual obligation.

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 937 (9th Cir. 1999) (applying California law). That duty, known as the covenant of good faith and fair dealing, requires "that neither party ... do anything which will injure the right of the other to receive the benefits of the agreement." *Andrews v. Mobile Aire Estates*, 125 Cal. App. 4th 578, 589 (2005). However, "tort recovery for breach of the covenant is available only in limited circumstances, generally involving a special relationship between the contracting parties, such as the relationship between an insured and its insurer." *Bionghi v. Metro. Water Dist.*, 70 Cal. App. 4th 1358, 1370 (1999). Additionally, "the implied covenant is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contract." *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (1992).

The Complaint does not allege that there exists "a special relationship between the contracting parties." *Bionghi*, 70 Cal. App. 4th at 1370; *see also Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such."); *Mitsui Mfrs. Bank v. Super. Ct.*, 212 Cal. App. 3d 726, 729 (1989) ("reject[ing] [the] argument that [the covenant] ... should encompass normal commercial banking transactions"). The Complaint does not allege that Defendants failed to comply with any express terms of the contract between the parties. The Court concludes that Plaintiff has failed to allege sufficient facts to support a claim for breach of the covenant of good faith and fair dealing. Plaintiff's sixth claim for breach of the covenant of good faith and fair dealing is dismissed as to Defendants Acqura, Castle, and Legrand.

**6.   Fraud - Seventh Claim**

1   Plaintiff alleges that Defendant Acqura "made a representation to Plaintiff on March 17, 2010 that [Acqura] had the rights and legal standing for the beneficiary under California law." (ECF No. 1-2 at ¶ 67). Plaintiff alleges that "[t]his statement was made on the deed of trust presented to Plaintiff at the offices of Fidelity National Title on November 15, 2006." *Id.* at ¶ 68. Plaintiff alleges that Acqura knew the representation that Acqura was the beneficiary under the deed of trust was false. Plaintiff alleges that the statement "was made to have Plaintiff rely on the misrepresentation by executing the deed of trust and Plaintiff did actually rely on the misrepresentation by his signatures affixed to the deed of trust on [November 15, 2006]." *Id.* at ¶ 70.

Defendants Acqura, Castle, and Legrand seek to dismiss Plaintiff's seventh claim for fraud because Plaintiff has failed to plead with the requisite level of particularity facts which constitute fraud. Defendants contend that Plaintiff's claim is "illogical" because Plaintiff alleges that he relied on statements from 2010 to execute the deed of trust in 2006. (ECF No. 3-1 at 24). Defendants also contend that the trustee's actions during the foreclosure process conformed with legal authority.

To state a claim for fraud, the plaintiff must allege "a representation, usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance on the misrepresentation, and damage resulting from that justifiable reliance." *Stansfield v. Starkey,* 220 Cal. App. 3d 59, 72-73 (1990). Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires that the pleader state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation. *Id.*; *Sebastian International, Inc. v. Russolillo*, 128 F. Supp. 2d 630, 634-35 (C.D. Cal. 2001). Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz,* 476 F.3d at 764-65. "[T]he plaintiffs must, at a minimum, 'identify the role of each defendant in the alleged fraudulent

scheme.'" *Id.* (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

With regard to Defendant Acqura, Plaintiff alleges that Acqura made a false representation in 2010 which Plaintiff relied upon in 2006. The Court finds that Plaintiff has failed to allege sufficient facts to support a claim of fraud. With regards to Defendants Castle or Legrand, the Complaint does not allege that Defendants Castle or Legrand made any false representations. The Court concludes that the Complaint fails to allege fraud against Defendants Castle or Legrand with the requisite particularity because the Complaint fails to "identify the role of each defendant in the alleged fraudulent scheme." *Swartz,* 476 F.2d at 541. Plaintiff's seventh claim for fraud is dismissed as to Defendants Acqura, Castle, and Legrand.

**7.     Violation of California Civil Code section 2923.6 - Eighth Claim**

Plaintiff alleges that "California Civil Code 2923.6 ... [creates a] duty by requiring servicers to accept loan modifications with borrowers." (ECF No. 1-2 at ¶ 76). Plaintiff alleges that a loan servicer "acts in the best interest of all parties if it agrees to or implements a loan modification ...." *Id.* at ¶ 77. Plaintiff alleges that he is "willing, able and ready to execute a modification" for $295,000 at 4% interest rate for 30 years. *Id.* at ¶ 80.

Defendants Acqura, Castle, and Legrand seek to dismiss Plaintiff's eighth claim for violation of Cal. Civ. Code section 2923.6 because Defendants do not have a duty to offer Plaintiff a loan modification.

Section 2923.6 provides:

(a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:

   (1) The loan is in payment default, or payment default is reasonably foreseeable.

   (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

(b) It is the intent of the Legislature that the mortgagee, beneficiary, or

authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

Cal. Civ.Code § 2923.6. "The legislation is recently enacted and authority is scarce regarding its meaning." *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1188 (N.D. Cal. 2009). This Court joins the other California district courts which have held that "§ 2923.6 does not create a cause of action for Plaintiff." *Id.* ("Section (a) applies only to servicers and parties in a loan pool. Plaintiff does not allege that he is either a servicer or a party in a loan pool. ... The Court finds that Section (b) does not impose any duty on Defendants. Since Defendants do not owe Plaintiff a statutory duty under this section, Plaintiff has no cause of action."); *see also Anaya v. Advisors Lending Group*, Case No. CV F 09-1191 LJO DLB, 2009 WL 2424037 at *8 (E.D. Cal., Aug. 5, 2009) ("The statute does not require a lender to accept a loan modification. Further, there is no private right of action."); *Pittman v. Barclays Capital Real Estate, Inc.*, Case No. 09 CV 0241 JM (AJB), 2009 WL 1108889 at *3 (S.D. Cal. Apr. 24, 2009) ("[T]he cited statute clearly addresses this concern by creating a duty between a loan servicer and a loan pool member. The statute in no way confers standing on a borrower to contest a breach of that duty."); *Farner v. Countrywide Home Loans*, Case No. 08cv2193 BTM(AJB), 2009 WL 189025 at *2 (S.D. Cal. Jan. 26, 2009) ("[N]othing in Cal. Civ.Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers").

The Court concludes that Plaintiff has failed to allege sufficient facts to support a claim for violation of California Civil Code § 2923.6. Plaintiff's eighth claim for violation of California Civil Code § 2923.6 is dismissed as to Defendants Acqura, Castle, and Legrand.

### 8.     Quiet Title - Tenth Claim

Plaintiff seeks "a judicial declaration that the title to the subject property is vested in Plaintiff alone and that title Defendants and each of them be declared to have no interest estate, right, title or interest in the subject property...." (ECF No. 1-2 at ¶ 101). Plaintiff alleges that he is "willing to tender the amount received subject to equitable adjustments for the damage caused to the Plaintiff by the title Defendants' activities." *Id*. at ¶ 98.

Defendants Acqura, Castle, and Legrand seek to dismiss Plaintiff's tenth claim for quiet

title because Plaintiff has not alleged an ability to tender the loan principal.

To state a claim to quiet title, "the complaint shall be verified" and must include all of the following: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Code Civ. Pro. § 761.020. "In order to allege a claim to quiet title, Plaintiff must allege tender or offer of tender of the amounts borrowed." *Ricon v. Recontrust Co.*, Case No. 09cv937-IEG-JMA, 2009 WL 2407396 at *6 (S.D. Cal. Aug. 4, 2009); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 2010 WL 3155808 at *20 (N.D. Cal. Aug. 9, 2010) ("[A] borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property."). A plaintiff fails to allege an ability to tender where plaintiff claims that he can tender the amount of the note less a set-off to be determined by the court. *See Jozinovich v. JP Morgan Chase Bank, N.A.*, No. C09-03326 TEH, 2010 WL 234895 at *3 (N.D. Cal. Jan. 14, 2010).

Plaintiff does not allege an ability to tender the full amount of the note, but alleges an ability to tender conditioned upon equitable adjustments. The Court finds that Plaintiff has failed to allege an ability to tender the principal balance of the loan. The Court concludes that the Complaint fails to allege sufficient facts to support a claim for quiet title. Plaintiff's tenth claim for quiet title is dismissed as to Defendants Acqura, Castle, and Legrand.

**9.     California's Business and Professions Code section 17200 - Eleventh Claim**

Plaintiff alleges that Defendants "are liable for unfair business acts and/or practices committed in the wrongful foreclosure of his home." (ECF No. 1-2 at ¶ 104).

Defendants Acqura, Castle, and Legrand seek to dismiss Plaintiff's eleventh claim for violation of California's Business and Professions Code section 17200 because Plaintiff has failed to state a claim for violation under any other claim as required by the statute.

California law prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practice, section 17200 borrows violations of other laws and treats them

as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (quoting Cal. Bus. & Prof. Code § 17200).

As discussed above, the Complaint fails to state a claim for violation of other laws against Defendants Acqura, Castle, and Legrand. Therefore, Plaintiff has failed to allege any "unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 180. The Court concludes that the Complaint fails to allege sufficient facts to support a claim for violation of California's Business and Professions Code section 17200. Plaintiff's eleventh claim for violation of California's Business and Professions Code section 17200 is dismissed as to Defendants Acqura, Castle, and Legrand.

## III.  Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 3) filed by Defendants Acqura Loan Services, Castle Peak 2010-1 Loan Trust, and Yolanda Yvette Legrand is GRANTED. Plaintiff's claims against Defendants Acqura Loan Services, Castle Peak 2010-1 Loan Trust, and Yolanda Yvette Legrand are DISMISSED.

DATED: February 23, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge